FILED

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

2016 JAN 12 AM 9:36

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

JESIKA OWENS

    Plaintiffs,

vs.

CASE NO: 5:16-cv-15-Oc-40PRL

SSRM1, LLC, a Florida limited liability
Company,
MARIE BURLESON, an individual,
MIKE SHEA, an individual, and
SAMUEL BENEBY, an individual,

    Defendants.
_____/

## COMPLAINT

Comes Now, Plaintiff, JESIKA OWENS (hereinafter referred to as "Ms. Owens"), by and through her undersigned counsel, hereby files this Complaint against Defendants, SSRM1, LLC, MARIE BURLESON, MIKE SHEA, and SAMUEL BENEBY, and alleges violations of 29 U.S.C. §216(b), or the Fair Labor Standards Act (FLSA), for failing to pay minimum wages pursuant to 29 U.S.C. §206(a), overtime pursuant to 29 U.S.C. §207(a)(1), and retaliation pursuant to 29 U.S.C. §215(a)(3); and The Florida Constitution Article X Section 24, and the Florida Minimum Wage Act.

### JURISDICTION AND VENUE

1.     This Court has original jurisdiction over Ms. Owens' FLSA claim pursuant to 28 U.S.C. §1331 and through 29 U.S.C. §216(b).

2. This Court has supplemental jurisdiction over Ms. Owens' state law claims pursuant to 28 U.S.C. §1367, because it is so related to the federal law claim that it forms the same case and controversy under Article III of the United States Constitution.

3. At all times material to this action, Defendant SSRM1, LLC is and was a Florida limited liability company. SSRM1 owned and operated the Dunkin Donuts located at 1561 Bella Cruz Drive in Lady Lake, FL 32159 in Lake County, Florida.

4. At all times material, Defendants Marie Burleson, Mike Shea, and Samuel Beneby were employed by Defendant SSRM1 as on-site managers for Defendant SSRM1, LLC's Dunkin Donuts store.

5. At all times material to this action, Defendants employed Ms. Owens in Lake County, Florida.

6. Defendants were Ms. Owens' employers within two (2) years of this Complaint.

## ALLEGATIONS COMMON TO ALL COUNTS

7. Defendants SSRM1, LLC, Marie Burleson, Mike Shea, or Samuel Beneby hired Ms. Owens to work at SSRM1's Dunkin Donuts store on or about January 2014.

8. All Defendants were Ms. Owens' employers as defined by 29 U.S.C. §203(d).

9. Defendants routinely refused to pay Ms. Owens for hours worked.

10. On numerous occasions, Marie Burleson, Samuel Beneby, and/or Mike Shea changed Ms. Owens' hours, recording that she worked less hours than she actually worked.

11. On numerous occasions, Marie Burleson, Samuel Beneby, and/or Mike Shea forced Ms. Owens to clock out and continue working, without paying her for the extra work.

12. Defendant Mike Shea told Ms. Owens that Defendants would not pay her for all of the time that she actually worked.

13. Defendants changed Ms. Owens' hours to avoid having to pay her overtime.

14. Defendants owe Ms. Owens minimum wages and overtime.

15. Defendants did not pay time and a half as Ms. Owens' hourly rate for hours she worked in excess of 40 hours per week.

16. On or about June 24, 2014, Ms. Owens asserted her rights under the FLSA and refused to work any more time than what she was getting paid.

17. As a result of Ms. Owens' decision to assert her rights and refuse to stay any longer than she was paid for, on or about June 25, 2014, Defendant Marie Burleson or Mike Shea or Samuel Beneby, acting on behalf of Defendant SSRM1, LLC, terminated Ms. Owens.

## INDIVIDUAL COVERAGE UNDER FLSA

18. Ms. Owens is individually covered by the FLSA via her job duties and their relationship with interstate commerce.

19. Defendants employ employees that handle goods or materials that have been moved in or been produced for interstate commerce.

20. For instance, Defendants' employees handle sugar that has been moved from out-of-state and produced for interstate commerce.

21. Defendants employ employees that sell goods or materials that have been moved in or produced for commerce.

22. Defendants employ employees that sell food and drink that moved in interstate commerce.

23. Ms. Owens used credit card machines regularly.

24. Ms. Owens regularly served food and drink to out-of-state customers.

25. Ms. Owens regularly used the telephone to communicate with suppliers.

26. Ms. Owens regularly accepted mail, packages and deliveries that had moved in interstate commerce.

27. Ms. Owens engaged in commerce.

### COUNT I – VIOLATION OF FLORIDA MINIMUM WAGE ACT

28. Ms. Owens re-alleges and incorporates by reference paragraphs 1 through 27 as if fully stated herein.

29. In 2014 the Florida minimum wage was $7.93.

30. Defendants operate their business in Florida so they must comply with the minimum wage amount of the state.

31. Defendants failed to pay Ms. Owens the Florida Minimum Wage for all hours worked, in violation of Fla. Const. Art. X §24 and section 448.110, Florida Statutes.

32. Ms. Owens provided Defendants notice of their claims on December 11, 2015. See Exhibit 1.

33. Wherefore, Ms. Owens demands judgment against Defendants for:

    a. Wages found to be due and owing;

b. An additional equal amount equal to the unpaid minimum wages found to be due and owing as liquidated damages;

c. Prejudgment interest in the event liquidated damages are not awarded;

d. A reasonable attorney's fee and costs; and

e. Such other relief as the Court deems just and equitable.

## COUNT II – FLORIDA MINIMUM WAGE ACT RETALIATION

34. Ms. Owens re-alleges and incorporates by reference paragraphs 1 through 33 as if fully stated herein.

35. On or about June 24, 2014, Ms. Owens asserted her rights under the Florida Minimum Wage Act and refused to work any more time than what she was getting paid.

36. As a result of Ms. Owens' decision to assert her rights and refuse to stay any longer than she was paid for, Defendant Marie Burleson, Mike Shea, or Samuel Beneby, acting on behalf of Defendant SSRM1, LLC, retaliated against Ms. Owens by terminating her from her position with SSRM1, in violation of section 448.110(5), Florida Statutes.

37. Wherefore, Ms. Owens demands judgment against Defendants for:

a. Wages found to be due and owing;

b. An additional equal amount equal to the unpaid minimum wages found to be due and owing as liquidated damages;

c. Prejudgment interest in the event liquidated damages are not awarded;

d. A reasonable attorney's fee and costs; and

e. Such other relief as the Court deems just and equitable.

## COUNT III – FLSA Minimum Wage

38. Ms. Owens re-alleges and incorporates by reference paragraphs 1 through 37 as if fully stated herein.

39. Defendants failed to pay Ms. Owens the minimum wages due pursuant to the FLSA as described in section 6(a) of the FLSA or 29 U.S.C. §206(a).

40. Ms. Owens was damaged by Defendants' failure to pay the minimum wage.

41. Wherefore, Ms. Owens demands judgment against Defendants for:

   a. Wages found to be due and owing;

   b. An additional equal amount equal to the unpaid minimum wages found to be due and owing as liquidated damages;

   c. Prejudgment interest in the event liquidated damages are not awarded;

   d. A reasonable attorney's fee and costs; and

   e. Such other relief as the Court deems just and equitable.

## COUNT IV – FLSA OVERTIME

42. Ms. Owens re-alleges and incorporates by reference paragraphs 1 through 41 as if fully stated herein.

43. Defendants failed to pay Ms. Owens overtime due pursuant to the FLSA as described in section 7(a)(1) of the FLSA.

44. Ms. Owens was damaged by Defendants' failure to pay her overtime.

45. Wherefore, Ms. Owens demands judgment against Defendants for:

   a. Wages found to be due and owing;

b. An additional equal amount equal to the unpaid minimum wages found to be due and owing as liquidated damages;

c. Prejudgment interest in the event liquidated damages are not awarded;

d. A reasonable attorney's fee and costs; and

e. Such other relief as the Court deems just and equitable.

## COUNT V – FLSA RETALIATION

46. Ms. Owens re-alleges and incorporates by reference paragraphs 1 through 45 as if fully stated herein.

47. On or about June 24, 2014, Ms. Owens asserted her rights under the FLSA and refused to work any more time than what she was getting paid.

48. As a result of Ms. Owens' decision to assert her rights and refuse to stay any longer than she was paid for, Defendant Marie Burleson or Mike Shea, or Samuel Beneby, acting on behalf of Defendant SSRM1, LLC, retaliated against Ms. Owens by terminating her from her position with SSRM1.

49. Wherefore, Ms. Owens demands judgment against Defendants for:

f. Wages found to be due and owing;

g. An additional equal amount equal to the unpaid minimum wages found to be due and owing as liquidated damages;

h. Prejudgment interest in the event liquidated damages are not awarded;

i. A reasonable attorney's fee and costs; and

j. Such other relief as the Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Plaintiff, JESIKA OWENS, hereby demands a trial by jury on all issues set forth herein which are so triable. Dated this 12th day of January 2016.

                              Respectfully submitted,

                              SIBONI & BUCHANAN, PLLC
Attorneys for Plaintiff
1900 SE 18th Avenue, Ste. 300
Ocala, Florida 34471
Tel:   (352) 629-7441
Fax:  (352) 629-7745
Email: rbuchanan@sbtrial.com
        dgoulfine@sbtrial.com
        aperry@sbtrial.com

By:   /s/ Robert B. Buchanan
       Robert B. Buchanan, Esquire
       Florida Bar No. 063400
       David B. Goulfine, Esquire
       Florida Bar No.: 0018448

| | | |
|---|---|---|
| MICHAEL C. SIBONI * † <br> ROBERT B. BUCHANAN <br><br> † FLORIDA SUPREME COURT CERTIFIED <br> CIRCUIT & APPELLATE MEDIATOR <br> * FLORIDA SUPREME COURT <br> QUALIFIED ARBITRATOR <br> * FEDERAL COURT MEDIATOR <br> * BOARD CERTIFIED AVIATION LAWYER |  | PAIGE A. BITTER † <br> ALFREDO DANIEL FERRER <br> B. SNOW BOYD <br><br> JAMES W. JARVIS <br> STEPHEN G. MURTY <br> OF COUNSEL |

REPLY TO OCALA

December 14, 2015

**VIA CERTIFIED MAIL**
70142120000351374606
Timothy Cloe
Registered Agent for SSRM1, LLC
524 Carnation Drive
Winter Park, FL 32792

      Re:    Jesika Owens v. Dunkin Donuts
             File No.: 2866

Dear Mr. Cloe:

      As you are aware, the undersigned and this law firm represent Jesika Owens in connection with her former employment with the Dunkin Donuts franchise located at 1561 Bella Cruz Drive, Lady Lake, Florida 32159, from January 2014 through June 24, 2014. I wrote you on June 26, 2015 requesting all records relating to Ms. Owens' employment at Dunkin Donuts and to date, you have ignored our request.

      Please consider this correspondence notification of our intent to file suit, as required by §448.110(6)(a), Florida Statutes, against SSRM 1, LLC; Marie Burleson; Mike Shea; and Samuel Beneby; for violations of the Florida Minimum Wage Act and the federal Fair Labor Standards Act. Ms. Owens is entitled to the Florida minimum wage of $7.93 for the entirety of the time of her employment with SSRM 1. Despite your lack of cooperation, our investigation revealed SSRM 1 regularly forced Ms. Owens to clock out and made her work extra hours for which she was not paid. Because you never provided us your records or otherwise cooperated with us in any way, we are uncertain as to the exact amount of unpaid wages you owe Ms. Owens. By law, you have **fifteen (15)** days to contact us from the receipt of this notice, to attempt to bring about a resolution of this claim.

                                        Sincerely,

                                        Alfredo Daniel Ferrer
                                        For the Firm

ADF/mp
cc: Dunkin Donuts Franchise

**EXHIBIT NO.: 1**



**$6.735**
US POSTAGE
FIRST-CLASS
FROM 34471
DEC 14 2015
stamps.com

062S0007488945



Refused

CERTIFIED MAIL

7014 2120 0003 5137 4590

Timothy Cloe
Registered Agent for SSRM1, LLC
524 Carnation Drive
Winter Park FL 32792-2942

NIXIE    329  DE  1  0040    0201/02/16

RETURN TO SENDER
REFUSED
UNABLE TO FORWARD

BC: 34471823775              *1456-00257-15-47

34471@8237



**Siboni Buchanan**, PLLC
Attorneys At Law

1900 S.E. 18TH AVENUE, SUITE 300
OCALA, FLORIDA 34471

459433

# SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Timothy Cloe
Registered Agent for SSRM1, LLC
524 Coronation Drive
Winter Park, FL 32792

9590 9401 0104 5225 5943 38

2. Article Number (Transfer from service label)

7014 2120 0003 5137 4590

# COMPLETE THIS SECTION ON DELIVERY

A. Signature
X ☐ Agent
☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt